[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, by writ and complaint claiming injunctive relief, civil penalties, and other relief, came to this court on March 17, 1987, and thence to August 25, 1987 when the plaintiff filed an Amended Complaint, and thence to April 5, 1988 when defendant John Greco filed a Cross-Complaint against defendants Connecticut Building Wrecking Company, Inc. and Geno Capozziello, and thence to February 11, 1991 when defendants Connecticut Building Wrecking Company, Inc. and Geno Capozziello filed a Cross-Complaint against defendant John Greco, and thence to October 1, 1992 when the court (Hammer, J.) entered judgment, upon stipulation, as to the plaintiff's Complaint against defendant John Greco, and thence to the present date when the parties were at issue to the court, all as of record appears.
I. As to the Plaintiff's Complaint Against Defendants Geno Capozziello and Connecticut Building Wrecking Company, Inc.:
1. Defendants Geno Capozziello and Connecticut Building Wrecking Company, Inc. are enjoined as follows:
(a) Do not allow solid waste to be deposited at any real property in Connecticut in which you have an interest, unless the Commissioner of Environmental Protection has issued a permit to construct and a permit to operate a solid waste facility at such location.
(b)(1) Remove all of the solid waste (the solid waste CT Page 9709 deposited below the surface of the grounds, but above a layer of casting sands) that the Complaint in this action pleads has been deposited at 1 Southwest Road, Seymour, Connecticut (hereinafter "the site") in accordance with the provisions of this Judgment. Removal must commence no later than December 1, 1992, and shall be completed no later than September 1, 1993.
(b)(2) Waste which is deposited at the site may only be disposed of at a facility authorized by the law of the state in which the facility is located to receive solid waste. If disposal takes place within the State of Connecticut, this means a facility possessing a permit from the Commissioner of Environmental Protection to operate a solid waste facility. No waste shall be removed from the site unless at least three business days prior to the removal, defendants have notified the plaintiff in writing of the specific date on which removal is to take place, the specific quantity of solid waste to be removed on that date, and unless defendants have submitted to the plaintiff prepaid dump tickets or invoices from the facility that will receive the waste equivalent to the quantity of waste to be removed on that date. Each such dump ticket or prepaid invoice must contain an individually identifiable number, the date it was purchased, and reference that it is to be used for the "1 Southwest Road, Seymour, CT" waste removal job.
(b)(3) Keep a log of waste removal activities at the site including the following information for each truckload of waste removed: (1) the date; F(2) the license plate registration number for the truck, or for the tractor and for the trailer if tractor trailer combinations are used; (3) the time the empty truck arrived at the site; (4) the time the loaded truck left the site; (5) the time the loaded truck arrived at the disposal site; (6) the time the empty truck left the disposal site; and (7) the number on the prepaid dump ticket or prepaid invoice for disposal of the loads disposed of. No later than 4:00 p.m. on the first Tuesday of each month, defendant shall submit to the plaintiff all entries CT Page 9710 for this log for waste removed during the preceding calendar month, until such time that all waste has been removed from the site. Upon written or oral request of any representative of the plaintiff, the defendant shall make the log immediately available if the request is made between 9:00 a.m. and 5:00 p.m. on a business day, and reasonably available if the request is made during other times, but no later than 9:00 a.m. on the next business day.
2. A civil penalty is assessed against defendants Geno Capozziello and Connecticut Building Wrecking Company, Inc., jointly and severally, in the amount of $150,000.
3. In the event that defendants Geno Capozziello and Connecticut Building Wrecking Company, Inc. fail to comply with the terms of this Judgment or commit any violations of Connecticut law or regulations concerning solid waste following the date this Judgment is entered defendants Geno Capozziello and Connecticut Building Wrecking Company, Inc. will be subject to any other sanction authorized by law which may include a civil penalty not to exceed twenty-five thousand dollars per day for each violation, as determined by the court in accordance with the provisions of Conn. Gen. Stat. 22a-226, as amended, and may include coercive civil incarceration as determined by the court in subsequent contempt proceedings.
4. Nothing in this Judgment shall be construed to prevent the Commissioner of Environmental Protection from taking any action authorized by federal or state law against defendants Geno Capozziello and Connecticut Building Wrecking Company, Inc., including matters in which the Commissioner may claim that any defendant has violated any statutes, regulations, or orders concerning the environment.
5. Costs are taxed against defendants Geno Capozziello and Connecticut Building Wrecking Company, Inc. in the amount of $ ________, in accordance with the Bill of Costs to be filed by the plaintiff.
II. The court finds as follows:
As to defendant, John Greco's cross complaint against CT Page 9711 defendants Connecticut Building Wrecking Company, Inc. and Geno Capozziello that if they fail to clean the site as provided above by September 1, 1993 then damages of $100,000 is ordered and $100 per diem is ordered until this judgment is satisfied.
As to defendants Geno Capozziello and Connecticut Wrecking Company Inc."s cross complaint against defendants John Greco, the court finds all issues in favor of the defendant John Greco.
By the Court.